THE indictment was for selling liquor contrary to law.
The proof was that the defendant had liquor at a vendue, locked up in a chest; that two persons went to his wagon, asked him for liquor and got it; that they afterwards came and got more, and that one of them gave him some money.
The defence denied that there was any sale of the liquor.
The Court said the law prohibited the sale of any kind of spirituous liquor by the small; or of any mixed liquor whatever. The law pointed at the fact, and did not regard the mode or manner of sale. No device of striped pig, or other contrivance which ingenuity has resorted to in order to circumvent the law will avail, if the main fact be proved; if in fact the transaction amount to a purchase and sale of liquor. In Kent county an ingenious but worthless woman set up a stall to give away liquor, and sell segars at a price which would compensate for the liquor; in that case it was left to the jury to say whether it was in the contemplation of the parties by the purchase of segars to pay for the liquor; and the jury convicted the defendant of a violation of this law.
Nevertheless there must be a sale. The law does not prohibit a a gift of liquor, and the jury must be satisfied by the evidence that in this case the money given to the defendant by Parker, was in compensation or pay for liquor which he and Jackson drank. If the proof fail on this subject, the verdict should be not guilty; if the money was given and accepted in the whole or part for this liquor, the covering the matter up by any device will not avail, and the defendant ought to be convicted.